UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HENRY JUMONVILLE, ET AL

VERSUS

HERCULES, INC., ET AL

CIVIL ACTION

NUMBER 10-393-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, September 22, 2010.

*[Signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HENRY JUMONVILLE, ET AL

VERSUS

HERCULES, INC., ET AL

CIVIL ACTION

NUMBER 10-393-BAJ-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court is the Motion to Remand filed by plaintiffs Henry Jumonville, Enoul Jumonville and Jumonville Lands, LLC. Record document number 11.  The motion is opposed by defendants Georgia Gulf Corporation and Georgia Gulf Chemicals & Vinyls, LLC, which were joined in the opposition by defendants Hercules Incorporated, Ashland, Inc., TOTAL Petrochemicals USA, Inc., and International Minerals & Chemical Corporation.[1]

Plaintiffs filed suit in state court claiming property damages and remediation from a subsurface trespass allegedly by arsenic. Plaintiffs asserted in their motion that this action is governed by LSA-R.S. 30:2015.1 (hereafter, the Groundwater Act).

Defendants Georgia Gulf Corporation and Georgia Gulf Chemicals & Vinyls, LLC (collectively, Georgia Gulf) removed the case asserting subject matter jurisdiction under 28 U.S.C. § 1332.

In their Motion to Remand, the plaintiffs do not dispute that there is complete diversity of citizenship between the plaintiffs

---

[1] Record document number 13.

and the defendants, nor do they dispute that the amount in controversy required by § 1332 is present.  Plaintiffs do not assert any procedural defect as a basis for remand.  Plaintiffs contend that remand is required on the basis of *Burford* abstention.

## Applicable Law

*Burford* abstention, derived from *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098 (1943), allows abstention when the case presents a difficult issue of state law bearing on policy problems of substantial public import which transcends the result in the case at bar. *Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 25, 79 S.Ct. 1070 (1959).  Five factors have been identified for determinating whether a *Burford* abstention is appropriate: (1) whether the cause of action arises under state or federal law; (2) whether the case requires inquiry into unsettled issues of state law or into local facts; (3) the importance of the state interest involved; (4) the state's need for a coherent policy in the area; and (5) the presence of a special state forum for judicial review. *Moore v. State Farm Fire & Cas. Co.,* 556 F.3d 264, 272 (5th Cir. 2009); *Wilson v. Valley Electric Membership Corp.,* 8 F.3d 311, 314 (5th Cir. 1993).

Burford abstention is available when a federal court is sitting in equity; it is not available in an action seeking only damages. *Webb v. R.C. Rogers Poultry, Inc.*, 174 F.3d 697, 700-01 (5th Cir. 1999)(citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S.

2

706, 715, 116 S.Ct. 1712 (1996)).

## Analysis

Plaintiffs arguments supporting *Burford* abstention are unconvincing.

Plaintiffs are seeking primarily, if not only, damages. Plaintiffs filed a Petition for Damages, seeking recovery of damages for diminution of the value of their property, punitive damages, damages for the storage of toxic waste on their property, and for the cost to evaluate and remediate their property. Although the plaintiffs prayed for "any other appropriate equitable relief," they did not identify in their petition any specific equitable relief.

The plain language of the state statute on which the plaintiffs rely does not provide the court with the discretion to award only an equitable remedy. Rather, if the court finds that contamination has occurred, the court "shall order the responsible party to fund implementation" of a remediation plan. LSA-R.S. 30:2015.1(C)(2) and (3). While the damages awarded for the evaluation and remediation of the contamination or pollution must be paid into the registry of the court, these amounts are still damages vis-a-vis the responsible party, i.e. the defendant.

Plaintiffs' arguments were previously considered and rejected

3

in *C.S. Gaidry, LLC v. Union Oil Co. of Calif.*[2] As was also determined by the *Gaidry* court, this court does not face any unsettled question of state law in resolving he plaintiffs' claims, the decision in the case would not conflict with an existing state administrative determination, and there is no special state forum for judicial review of these types of claims.  While the state undoubtedly has an interest in preventing and remediating groundwater contamination, the plaintiffs have not shown that the state's interest would be impaired by exercising jurisdiction in this case.  That enforcement of the Groundwater Act is not limited to any particular court, and intervention by the Louisiana Department of Environmental Quality (LDEQ) is discretionary, supports the conclusion that the state considers its interest to be adequately protected by enforcement of the Act in any court with jurisdiction over the plaintiff's claim.

Finally, whether the LDEQ might decide to intervene pursuant to the Act is not relevant to *Burford* abstention.  Clearly, intervention by the LDEQ is discretionary under the Act, and is neither inevitable nor even predictable.  Furthermore, even if the LDEQ intervenes later, and even if that intervention deprives the court of subject matter jurisdiction (which the defendants argue it

---

[2] 2009 WL 2765814 (E.D.La. Aug. 27, 2009)(addressing the application of *Burford* abstention to claims based on environmental damage from oilfield sites under LSA-R.S. 30:29).  Four of the plaintiffs' attorneys also represent the plaintiffs in the *Gaidry* case.

would not) there would not have been a waste of judicial resources. Rather, the result would be a remand of the case to the state court, with that court gaining the benefit of the work already done by the parties and this court while the case was here.

## Conclusion

There is no dispute that the case was properly removed and this court has subject matter jurisdiction. Plaintiffs have not shown that *Burford* abstention is available or appropriate in this case.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiffs' Motion to Remand be denied.

Baton Rouge, Louisiana, September 22, 2010.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE